ÆTNA INS. CO. OF HARTFORD, CONN., v. BANK OF BRUNSON.

(Circuit Court of Appeals, Fourth Circuit. February 7, 1912.)

No. 1,046.

1. EVIDENCE (§ 158*)—BEST EVIDENCE—INSURANCE LOSS—NOTICE.

Where, in an action on a fire policy, plaintiff's cashier testified to giving written notice of loss to defendant's agent, parol evidence of notice without production of the writing or accounting for its loss, was inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 471–526; Dec. Dig. § 158.*]

2. INSURANCE (§ 669*)—INSTRUCTIONS—INCONSISTENCY.

The court charged that one of the defenses was that the policy was void because no notice of loss was given, that the requirement was reasonable, and that prompt notice of loss should be given. After stating the testimony of plaintiff's cashier as to the giving of notice, and the agent's reply, the court charged that it was for the jury to say whether that was sufficient, and whether the agent's statement was a waiver of formal proof of loss. The court also confirmed defendant's request that under the policy the jury could not consider the question of waiver, except such as might be in writing and attached to the policy, and then charged that another defense was that there were no appraisers appointed, that the policy provided that in case of disagreement as to the amount of the loss there should be an appraisement, but that if defendant's agent was satisfied that the loss was total, and the jury believed the building was of the value of $2,500 and that it was totally destroyed, and the use did not increase the hazard, and the company was notified promptly of the loss, then they should find for plaintiff; otherwise, for the defendant. *Held*, that such instructions were inconsistent and erroneous, as calculated to mislead on the question of waiver.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1771–1784; Dec. Dig. § 669.*]

In Error to the Circuit Court of the United States for the District of South Carolina, at Charleston.

Action by the Bank of Brunson against the Ætna Insurance Company of Hartford, Conn. Judgment for plaintiff, and defendant brings error. Reversed.

This is an action at law instituted in the Circuit Court of the United States for the District of South Carolina by the Bank of Brunson against the Ætna Insurance Company of Hartford, Conn. Suit was instituted upon an insurance policy issued by the plaintiff in error on a dwelling originally belonging to J. C. Langford, dated July 7, 1905, and expiring July 7, 1910. It appears from the testimony that the interest of J. C. Langford in the policy was, with the consent of the Ætna Insurance Company, assigned to the Bank of Brunson, who at the time of the fire was the owner of the policy. The policy was a valued policy; the value of the building being fixed in the policy at $3,500, and the total amount of insurance to be carried thereon at $2,500. The dwelling was totally destroyed by fire on the 28th day of October, 1908. Testimony was introduced by both plaintiff and defendant. At the close of the testimony, the defendant requested the court to direct a verdict. This motion was refused. The jury found a verdict for the plaintiff, and from the judgment thereon writ of error has been taken to this court.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
194 F.—25

Donald McKay Frost (Smythe & Frost, on the brief), for plaintiff in error.

W. B. De Loach and George H. Moffett, for defendant in error.

Before PRITCHARD, Circuit Judge, and McDOWELL and CONNOR, District Judges.

PRITCHARD, Circuit Judge.   [1] The first bill of exceptions in this case relates to the admission of testimony of the witness Agnew, who was cashier of the Bank of Brunson.   The witness was permitted, among other things, to testify as follows:

"Q. After this fire state to the jury what you did?   A. Soon after, a day or two, I notified W. H. Dowling & Son, at Hampton, the agents for this company, in writing, and I also called W. H. Dowling, the senior member of the firm of W. H. Dowling & Son, agents there, called them over the 'phone.   Mr. Moore, the president of the bank—   Q. You can't say what Mr. Moore told you?   A. Well, I called him up over the 'phone, and told him I would be glad for him to come up there and satisfy himself with regard to the fire, that it was a total loss, and to be satisfied; and he said there was no use, that he was satisfied that it was a total loss, that there was no use for him to go to the trouble of coming up there, and that he would attend to the matter and report it."

This testimony was objected to by the defendant in the court below upon the ground that the fact of notification in writing should be proven by the writing itself and not by oral testimony.   This witness was permitted, over the objection of the defendant, to testify that he notified the company in writing without producing the writing or accounting for its loss.   Counsel for the plaintiff could have secured an order requiring the company to produce the writing in court, but for some cause or other this course was not pursued.

Under the well-established rule of evidence, it was incompetent under the circumstances for the witness to testify as to the written notification to the company without producing the same in evidence.   It was sought by this evidence to show that the company had been notified as to the destruction of the property of the insured.   We think the court below erred in this respect.

[2] Our attention has also been called to the charge of the lower court, which, in our opinion, was contradictory and calculated to confuse the minds of the jury in arriving at a verdict.   The court's instruction to the jury on the question of waiver is in the following language:

"Another defense is that the policy is void because there was no notice of the loss.   It is a stipulation in any insurance that the company should have notice of the loss.   They might want to inquire as to how the fire occurred, whether it was a bona fide loss, whether the property was really burned. There are various good reasons why it is reasonable and necessary that the company should be notified promptly of the loss, so that they could make inquiry.   The testimony is that the cashier of the bank, immediately after the fire, wrote to the insurance agent, who lived in the adjoining town, about six miles off, giving notice of the fire, and that he thereafter called him up over the telephone, and informed him of the fire, and asked him to come up; that the agent replied that he knew of the loss, and that he knew that it was a total loss, and that he would attend to it.   It is for you to say whether that was sufficient notice to comply with the terms of the policy,

whether the knowledge of the agent, his agreement to attend to it, was a waiver of the formal proofs of loss that the policy required."

At this point counsel for the defendant made the following statement:

"Will your honor charge them that on the law of waiver, under the terms of this policy, that under the terms of this policy the jury cannot take into consideration the question of waiver in any way whatever, except such waiver as may be in writing and attached to the terms of the policy itself; in other words, that they cannot consider the action of the agent as waiving any requirements of the policy?"

It will be observed that the court assented to the proposition of law there announced by counsel for the defendant. However, the court further instructed the jury as follows:

"Another defense is that there were no appraisers appointed. The policy provides that 'in the event of disagreement as to the amount of loss the same shall as above provided be ascertained by two competent and disinterested appraisers,' etc., and that there shall be no suit unless such appraisers were appointed. The object of having appraisers is a reasonable one, that if there was any dispute as to the amount of loss, and question as to the amount of loss, that it could be determined by disinterested parties; but where the agent of the company is satisfied that the loss is a total one, there was no object in having appraisers. Therefore to appoint appraisers under the terms of the policy would be a mere futile act. If you believe that this building was of the value of $2,500, and that it was totally destroyed by fire, and that the use to which it was put did not increase the hazard, and that the company was notified promptly of the loss, then you will find for the plaintiff; otherwise, you will find for the defendant."

These statements are inconsistent, and calculated to confuse the minds of the jury, and, without passing upon the question as to whether there was a waiver of the conditions of the policy which relate to the notice of proof of loss, we are of the opinion that the court, in the trial of the case below, inadvertently failed to instruct the jury so as to enable them intelligently to pass upon the facts as shown by the evidence in this case.

For the reasons stated, we think that the verdict should be set aside, a new trial granted, and the judgment of the lower court reversed.

Reversed.